625 A.2d 1139

RAYMOND LESNIAK, PETITIONER–RESPONDENT, v. JOHN L. BUDZASH, RESPONDENT–APPELLANT, AND DANIEL J. DALTON, SECRETARY OF STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 27, 1993—Decided April 27, 1993.

Supplemental Opinion, April 28, 1993.

Before Judges PRESSLER, R.S. COHEN and KESTIN.

*Barry Segall* argued the cause for appellant (*Toll & Segall*, attorneys).

*John E. Harrington* argued the cause for respondent Raymond Lesniak (*Dyer & Harrington*, attorneys).

*Alfred E. Ramey, Jr.*, Assistant Attorney General, argued the cause for respondent Secretary of State of New Jersey (*Robert J. Del Tufo*, Attorney General, attorney).

PER CURIAM.

Appellant John L. Budzash appeals from a final decision of Daniel J. Dalton, Secretary of State of New Jersey, affirming the initial decision of the administrative law judge (ALJ), which invalidated the nomination petition by which appellant sought to run for the office of Governor in the Democratic Party primary election. We affirm.

The Secretary of State, upon receipt of the challenge by Raymond Lesniak, who asserted that the appellant's petition lacked the requisite number of valid signatures, referred the matter to the Office of Administrative Law for disposition as a contested case. It was there heard on an expedited basis. According to the facts as found by the ALJ, appellant filed petitions with the Secretary of State containing 1034 signatures, thirty-four more than the required one thousand. The ALJ further found that of these signatories, ninety-one were not registered voters of the State of New Jersey and an additional one hundred fifteen were not members of the Democratic Party. Consequently, he found the petitions short of the required number by one hundred seventy two signatures.

Appellant does not challenge the factual finding respecting the ninety-one unregistered voters. Nor does he challenge the finding that one hundred fifteen signatories did not meet the definition of party membership applied by the ALJ. He argues, rather, that persons who are not registered voters are entitled to sign primary nomination petitions and the ALJ took an erroneously narrow view of the meaning of party membership in the petition-signing context. We reject both of these arguments.

Before, however, addressing these substantive challenges to the decision, we consider appellant's procedural challenge, which, as we understand it, asserts that because there is no express statutory mechanism covering the matter, the Secretary of State was without jurisdiction to adjudicate the objections to the petition filed with him by petitioner Raymond Lesniak and

hence that he had improperly referred the dispute to the Office of Administrative Law as a contested case and had improperly rendered a final decision based on the ALJ's initial decision. The short answer to this contention is that *N.J.S.A.* 19:13–11 specifically charges the officer with whom the nominating petition is initially filed with the obligation to pass "in the first instance" on objections to the validity of nomination petitions. Since the officer here, the Secretary of State, is the head of a department of State, he appropriately employed the adjudicatory services of the Office of Administrative Law. Moreover, under the allocation of business among the various Divisions of the Superior Court effected by *R.* 2:2–3, a decision of the Secretary of State is appealable to this court. We recognize that *N.J.S.A.* 19:13–11 is expressly applicable to general rather than to primary elections. But *N.J.S.A.* 19:23–58 provides that procedures applicable to general elections are also applicable to primary elections if they pertain thereto and are not inconsistent with other provisions expressly governing primary elections. We have no doubt that the adjudicatory process of *N.J.S.A.* 19:13–11 applies to primary elections. The Secretary of State's procedural course here was entirely appropriate.

■ We next address appellant's substantive challenges to the decision appealed from. *N.J.S.A.* 19:23–7 requires that the signers of a primary nominating petition be "qualified voters" and that they be members of the political party of the candidate for primary election. We have no doubt that "qualified voter" by definition means "registered voter," that is, a person who has exercised his franchise rights by completing the registration process. Consequently, we think it plain that a person not having the right to vote in a primary election because he is not a registered voter is also not a qualified voter having the right to sign the nomination petition. We, indeed, so held in *In re Ross Petition,* 116 *N.J.Super.* 178, 281 *A.*2d 393 (App.Div.1971), in which we concluded that registration as a voter by the deadline for filing the nomination petition is a prerequisite to the right validly to sign a

nominating petition. We continue to adhere to our reasoning in *Ross* and, therefore, affirm the administrative rejection of the ninety-one signatories who were not registered to vote.

We are also satisfied that the provisions of *N.J.S.A.* 19:23–45 that define party membership compel the rejection of the one hundred fifteen signatories disqualified by the ALJ as registered Republicans.[1] That statute provides that a voter who has voted in a previous primary election continues as a member of that party until he signs and files with the municipal clerk or county commissioner of registration a declaration that he desires to vote in the primary election of another political party. Moreover, that declaration must be filed prior to the fiftieth day before the primary election. The statutory scheme was held to be constitutionally valid by the Supreme Court in *Smith v. Penta*, 81 *N.J.* 65, 405 *A.*2d 350 (1979), as a reasonable and appropriate accommodation between the public interest in the selection of its candidates and the associational interest of regular party members.

Key to the functioning of the statutory scheme is the proper filing of the declaration. The statute itself requires the Secretary of State to prepare political party declaration forms and to distribute them to the county commissioners of registration and municipal clerks. The implementing regulations, *N.J.A.C.* 15:10–2.1 to –2.8, require these officials to make the forms readily available to all who request them in aid of the political canvassing and soliciting process. The filing of the form in the appropriate office is essential to enable election officials properly to designate the changed party affiliation of voters for use of election board workers during the conduct of the primary election.

These considerations are contravened by appellant's argument that the mere act of signing the nominating petition should be

---

[1] While the truncated record before us is somewhat ambiguous, there is no dispute of Petitioner's assertion that some 10% of the signatories are registered Republicans. We equate this 10% with the number disqualified by the ALJ on the basis of party membership.

regarded as tantamount to signing and filing the statutorily mandated party affiliation form. We, therefore, conclude that despite the liberality with which we construe election laws in order to protect and advance the right of franchise, the crossing over of a voter from one party affiliation to another must be accomplished in the manner prescribed by statute. That includes the timely filing of some form of declaration with the municipal clerk or county commissioner. The failure of such filing here defeated the asserted changed party affiliation of the one hundred fifteen signatories disqualified on that ground.

Despite the determination of the ALJ that the petitions contained 1034 signatures, it was represented to us by appellant at oral argument that petitions containing 1189 signatures had been filed with the Secretary of State. The Attorney General explained that two petitions, containing a total of 65 names, had been rejected by the Secretary of State because they were defective on their face, and appellant has not challenged that rejection. The Attorney General had no further information. We need not, however, delve into the existence of any other petitions since the total of signatories properly disqualified by the Secretary of State would be sufficient to defeat the petition even if a total of 1189 signatures had been included.

Finally, we reject appellant's argument that he should have been or should now be given an opportunity to cure the defects in his nominating petition even beyond the filing deadline. While some defects are indeed curable, the absence of a sufficient number of signatures is not. *N.J.S.A.* 19:23–20.

The decision of the Secretary of State disqualifying the nominating petition of appellant John L. Budzash is affirmed.

## SUPPLEMENTAL OPINION

Following the filing of our opinion on April 27, 1993, petitioner Raymond Lesniak provided us with the transcript of the ALJ's oral initial decision. The findings therein are at some variance

with the numbers stated in our opinion, which were represented to us at oral argument. We are satisfied, however, that the result remains the same.

We accept the numbers as found by the ALJ. He found that there was a total of 1034 signatures, of which 91 were those of unregistered persons, 26 were those of registered Republicans, 11 were ineligible, two were "invalid," and one had an improper address. This total is 131. Whether the total number of signatures was 1034 or 1099, representing the additional 65 rejected by the Secretary of State, subtraction of this undisputed 131 leaves the petition short. There was no proof whatsoever that more than 1099 signatures were timely submitted.

The ALJ also found that an additional 115 signatories were previously unaffiliated. We held in *Mayer v. Addison*, 265 *N.J.Super.* 171, 625 *A.*2d 1143 (App.Div.1993), decided the same day as this case, that previously unaffiliated voters may validly sign a primary candidate's nominating petition. We continue to adhere to that conclusion. But even though these 115 signatures should not have been rejected, the petition still had an insufficient number of valid signatures.