625 A.2d 1143

CARL MAYER, PETITIONER–RESPONDENT, v. DONALD ADDISON, JR., RESPONDENT–APPELLANT, AND DANIEL J. DALTON, SECRETARY OF STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 27, 1993—Decided April 27, 1993.

Before Judges PRESSLER, R.S. COHEN and KESTIN.

*Thomas W. Rubino* argued the cause for appellant.

*Carl Mayer*, respondent, argued the cause *pro se.*

PER CURIAM.

Appellant Donald Addison, Jr., appeals from a final decision of Daniel J. Dalton, Secretary of State of New Jersey, invalidating the nomination petition by which appellant sought to run for the office of member of the General Assembly in the Republican Party primary election. The Secretary of State's determination rejected the contrary initial decision of the administrative law judge (ALJ). We conclude that the ALJ was correct in sustaining the validity of the petition, and accordingly we reverse.

The Secretary of State, upon receipt of the challenge which asserted that the appellant's petition lacked the requisite number of valid signatures, referred the matter to the Office of Administrative Law for disposition as a contested case. It was there heard on an expedited basis. According to the facts as found by the ALJ, appellant filed petitions with the Secretary of State containing 114 signatures, fourteen more than the required one hundred. Five were stipulated to be invalid, leaving 109. The ALJ found that of these, twelve signatories were unaffiliated voters who had not previously voted in a primary election. He concluded, however, that under the statutory scheme, these voters had the right to sign the petition as members of the Republican Party. The Secretary of State, while observing that the legal question is close and should ultimately be decided by the court, nevertheless concluded that unaffiliated voters who have not filed a separate declaration of party affiliation may not claim party membership for the purpose of signing a primary nominating petition.

In considering appellant's challenge to the Secretary of State's final decision, we recognize that while the interpretation of

a statute by the state administrative officer charged with its implementation and enforcement is entitled to weight, we are nevertheless not bound by it. *See, e.g., Carpet Remnant Warehouse v. Dept. of Labor,* 125 *N.J.* 567, 587, 593 *A.*2d 1177 (1991). We conclude that on this issue, the Secretary of State's interpretation of the statutory scheme was overly restrictive.

█ *N.J.S.A.* 19:23–7 requires that the signers of a primary nominating petition must be members of the candidate's political party. The mechanisms by which a voter establishes his party membership for purposes of voting in a primary election are defined by *N.J.S.A.* 19:23–45. To the extent here relevant, that statute provides that a registered voter who has never before voted in a primary election may simply appear at the polls on primary election day and then and there declare his party membership. He remains a member of that party until he takes the statutorily prescribed action for changing his party affiliation, namely, the filing of a political party declaration form with the municipal clerk or county commissioner of registration by the fiftieth day before an ensuing primary election.

█ We have this day held, in *Lesniak v. Budzash,* 265 *N.J.Super.* 165, 625 *A.*2d 1139 (App.Div.1993), that once a voter becomes a party member by having voted in that party's primary, he is not eligible to sign the primary nominating petition of a candidate of another party until he has changed his party affiliation pursuant to *N.J.S.A.* 19:23–45 and its implementing regulations, *N.J.A.C.* 15:10–2.1 to 2.8. But we see nothing in the statutory scheme requiring the declaration form to be signed by an unaffiliated voter before he can declare party membership for the purpose of and by the act of signing a primary candidate's nomination petition.

█ It is well settled that election laws must be liberally construed to effectuate the overriding public policy in favor of public participation in the election process. *See, e.g., Afran v. County of Somerset,* 244 *N.J.Super.* 229, 232, 581 *A.*2d 1359

(App.Div.1990). While this principle has some applicability to primary elections as well as general elections, primary elections are different. As the Supreme Court recognized in *Smith v. Penta,* 81 *N.J.* 65, 405 *A.*2d 350 (1979), which upheld the constitutionality of the statutory mandate of a party affiliation declaration by cross-over primary voters:

> The right to vote, as guaranteed by the plain language of our State Constitution, does not subsume an unfettered right to be involved in a party's internal decision-making process, which is all that a primary election is. In this state, the right to participate in a political party's primary election is a statutory one. [*Id.* at 73–74, 405 *A.*2d 350].

In sum, the Supreme Court concluded that the restrictions on the right to vote in a primary election imposed by *N.J.S.A.* 19:23–45 constitute a fair and reasonable accommodation of the tension between the citizen's interest in participation in the process by which candidates are chosen and the associational interests of regular party members.

Those restrictions, however, do not affect the right of an unaffiliated voter to declare membership in a political party by the sole and simple act of voting in that party's primary election. We see no basis, either in the statute or in the public policy protecting the integrity of the political party structure, for treating an unaffiliated voter who wishes to declare his party membership by signing a primary candidate's nominating petition differently from an unaffiliated voter who wishes to do so by voting in that party's primary election. Thus, if at the time the petition is filed, the unaffiliated voter is eligible to vote in that party's ensuing primary election without having to take any further action by way of filing a declaration form or otherwise, we are convinced that he is also then eligible to sign a primary candidate's nominating petition as a party member. That signature evidences his party membership since he thereby declares, as required by *N.J.S.A.* 19:23–7, that he "intend[s] to affiliate with that political party at the ensuing election; that ... [he] indorse[s] the person or persons named in ... [the] petition as candidate or candidates for nomination for the office or offices therein named, and that ... [he] request[s] that the name of the person or persons ... be printed upon the official primary ballots of ... [the] political party...." The associational

interest of regular party members is not compromised by according the same right of instant self-declared party membership to an unaffiliated signer of a petition as is presently enjoyed by an unaffiliated primary voter who appears at the polls. The political process, in our view and in the absence of a contrary statutory directive, requires no less.

The final determination appealed from is reversed and we direct the Secretary of State to certify appellant's nominating petition as valid.