625 A.2d 1145

IN THE MATTER OF THE CHALLENGE BY THOMAS F. COWAN TO THE NOMINATING PETITIONS OF KAREN BOYLAN AND JAMIE VASQUEZ, CANDIDATES FOR NEW JERSEY STATE ASSEMBLY [IN THE 32ND LEGISLATIVE DISTRICT].

Superior Court of New Jersey
Appellate Division

Argued May 5, 1993—Decided May 5, 1993.

Before Judges PRESSLER and KESTIN.

*John M. Carbone* argued the cause for appellants Karen Boylan and Jamie Vasquez (*Carbone* and *Faasse,* attorneys).

*Donna Kelly,* Deputy Attorney General, argued the cause for respondent Daniel J. Dalton, Secretary of State (*Robert J. Del Tufo,* Attorney General, attorney).

*Thomas P. Calvanico* argued the cause for respondent Thomas F. Cowan.

PER CURIAM.

Karen Boylan and Jamie Vasquez appeal from a final determination of the Secretary of State rejecting their petition for nomination as Democratic Party candidates for General Assembly in the 32nd Legislative District. We reverse.

On our initial consideration of this matter, we remanded for a specific determination of the number of eligible and valid signatories on appellants' various petitions. Administrative Law Judge Tolomeo concluded that there were only 75 valid signatures in the

petition that had been accepted by the Secretary of State. He also determined, for purposes of completing the record, that of the 63 signatures on a petition previously rejected by the Secretary of State, 32 were valid. He further found that in the first group, one was an unaffiliated voter and in the group of 63, seven were unaffiliated voters. Under our decision in *Mayer v. Addison*, 265 *N.J.Super.* 171, 625 *A.*2d 1143 (App.Div.1993), *certification denied* (1993), these additional eight signatures must also be counted. Thus, if the rejected petition is counted, appellants will have 115 valid signatures, 15 more than the required 100. The Secretary of State adopted the findings of the ALJ.

The issue on this appeal, therefore, is the propriety of the Secretary of State's rejection of the 63–signature petition. At the outset, the record leaves no doubt that while the appellants were advised on April 15, 1993 that that petition was rejected, they were not given a reason for the rejection despite specific written request therefor on behalf of appellant Boylan. Indeed, the ALJ's initial decision merely noted the fact of the rejection without addressing the reasons therefor.

■ Insofar as we are able to determine, and no party argues to the contrary, the first specification of reason for the rejection was given this day by the Secretary of State in his final decision. He explains that the petition was rejected because of the verifier's failure to have signed it as a nominating voter. It clearly should not have taken almost three weeks for appellants to learn the reason for the rejection. We read *N.J.S.A.* 19:23–19 as imposing the affirmative obligation on the filing officer to explain the reason for the rejection simultaneously with the rejection in order to give the petitioners the three-day period afforded by *N.J.S.A.* 19:23–20 for curing a curable defect.

■ We are satisfied that the defect articulated by the Secretary of State is curable under *N.J.S.A.* 19:23–20. *See In re Chirico*, 87 *N.J.Super.* 587, 210 *A.*2d 415 (App.Div.1965), *certif. denied sub nom. In the Matter of the Petition of the Nomination of Gene A. Tomasso*, 45 *N.J.* 32, 210 *A.*2d 779 (1965). A cure

could have been effected by the timely submission of a substitute verification by a signer who also circulated the petition [1] or by permitting the verifier to sign the petition. We are aware that *N.J.S.A.* 19:23–20 does not permit signatures to be added by way of cure, but we read the import of that provision to address the adding of signatories for purposes of reaching the minimum required number. If there is already a sufficient number of signatories, it makes no difference in any way relevant to the intendment of the statute whether the cure is by subsequent signature of the verifier or by a substituted verification. The distinction is mechanical and formal only.

Since we have held that appellants were not notified of the reason for the rejection until May 5, 1993, and since the defect cited is curable, we are satisfied that appellants may cure the defect by the end of the business day on Friday, May 7, 1993. They may effect the cure either by having the verifier sign the petition or by submitting a substitute verification by a signer, if there is one, who is able to take the required oath.

The decision appealed from is reversed. We remand to the Secretary of State for further proceedings consistent with this opinion.

---

[1] We were advised at oral argument that there were several circulators in a position to verify who had signed the nominating petition as a voter. This was not conceded by the objector, however.